UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RONALD SATISH EMRIT,

Plaintiff,

v.

SNOOP DOGGY DOGG; et al.,

Defendants.

Case No.:  26-cv-0464-BJC-VET

**ORDER:**

**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAPUERIS; AND**

**(2) DISMISSING CASE WITHOUT PREJUDICE**

On January 23, 2025, Plaintiff Ronald Satish Emrit, proceeding *pro se*, filed a Complaint along with an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For the following reasons, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** the Complaint without prejudice.

## I.      MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.00.  *See* 28 U.S.C. § 1914(a); Civ.L.R. 4.5.  A court may authorize the

1

26-cv-0464-BJC-VET

commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all their assets, showing that they are unable to pay the fees. *See* 28 U.S.C. § 1915(a).

Plaintiff has submitted an application to proceed in district court without paying the filing fee. ECF No. 2. The application reflects that Plaintiff's sole source of income is disability benefits in the amount of $1,036 per month. *Id.* at 2. Plaintiff further reports maintaining $357 in a checking account and no additional assets. *Id.* at 3. His total monthly expenses are listed as $790. *Id.* at 4–5. In light of Plaintiff's limited income and modest financial resources, the Court finds that he lacks sufficient funds to pay the filing fee while still "afford[ing] the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Accordingly, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner"); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To proceed with an action in federal court, a plaintiff must establish that the court has subject matter jurisdiction. There are two types of subject matter jurisdiction – federal question jurisdiction and diversity jurisdiction. *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025).

Federal Rule of Civil Procedure 8 requires a complaint to "contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement

2

26-cv-0464-BJC-VET

of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Courts have a duty to construe *pro se* pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*) (noting that courts hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). However, "a liberal interpretation of a [*pro se*] complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent Plaintiff is asserting claims under federal law, he must plead a colorable claim "arising under" the Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question appears on the face of the plaintiff's complaint. *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020).

In his first claim, Plaintiff alleges a public nuisance claim against Defendant Snoop Doggy Dogg because "he is a marijuana smoker and former gangster rapper." ECF No. 1 at 12. In his second claim, Plaintiff argues that "industrial espionage should include ideas such as excessive advertising, subliminal messaging, and spying on consumers with artificial intelligence." *Id.* Plaintiff's third count alleges intentional inflection of emotional distress by Defendants NBC, Comcast, Peacock, and NBC Universal because the networks "constantly promote [Snoop Dogg] a marijuana smoker and former gangster rapper as being some type of an historical figure on the level of Martin Luther King, Junior." *Id.* at 13. Finally, in his fourth claim, Plaintiff alleges that "the promotion of marijauan [sic] smokers and former gangster rappers such as Snoop Doggy Dogg interferes with the careers of other African-Americans who do not want marijuana smokers or gangster rappers like Snoop Doggy Dogg, Dr. Dre, or Kendrick Lamar being treated by NBC like the Reverend Dr. Martin Luther King, Junior or Thurgood Marshall." *Id.*

As currently pled, the Complaint fails to assert a colorable claim "arising under" the

3

26-cv-0464-BJC-VET

Constitution or laws of the United States to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331.  *Arbaugh v. Y&H Corp.*, 546 U.S. at 513.  For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

   **IT IS SO ORDERED.**

Dated:  May 4, 2026

_____

Honorable Benjamin J. Cheeks
United States District Judge

4

26-cv-0464-BJC-VET